CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 31, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY YOUNG, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILINE MADISON *et al.*, )<br>)<br>Defendants. ) | Case No. 7:23-cv-00263<br><br>**MEMORANDUM OPINION**<br><br>By:   Hon. Thomas T. Cullen<br>        United States District Judge |

Plaintiff Larry Young, Jr., proceeding *pro se*, filed a civil-rights action asserting claims under 42 U.S.C. § 1983 against various law enforcement officials ("Defendants") employed by the City of Orange, Virginia. Before the court are Defendants' motion to strike Plaintiff's December 11, 2024 declaration (ECF No. 59) and Plaintiff's motion seeking an "emergency injunction" and an "extension of time to file [a] responsive pleading" (ECF No. 61). For the following reasons, the court will deny both motions.

## I. PROCEDURAL HISTORY

Plaintiff filed this action in the United States District Court for the Eastern District of Virginia on May 3, 2023. (*See* Compl. [ECF No. 1].) Because the events described in the complaint took place in this district, the case was subsequently transferred to this court. (*See* Mem. Order [ECF No. 3].) After they were served and answered the complaint, Defendants Kiline Madison, Rebecca Moody, and Christopher Norvelle jointly moved for summary judgment on Plaintiff's claims against them. (*See* Defs.' Mot. for Summ. J. [ECF No. 34].) The court issued a *Roseboro* notice directing Plaintiff to respond to the motion within 21 days. (*See*

*Roseboro* Notice, May 23, 2024 [ECF No. 37].) Plaintiff responded to the motion with an 80-page declaration and several exhibits. (*See* Decl. of L. Young, May 28, 2024 [ECF No. 38].)

Shortly thereafter, Defendant Elizabeth Wheeler was served with process and answered the complaint. (*See* Summons [ECF No. 49]; Answer [ECF No. 51].) On November 1, 2024, Defendant Wheeler filed her own motion for summary judgment, which fully adopted and incorporated the summary judgment motion and supporting memorandum filed by the other Defendants and was not accompanied by an independent brief. (*See* Def. Wheeler's Mot. for Summ. J. [ECF No. 53].) The court issued another *Roseboro* notice directing Plaintiff to respond to the motion within 21 days. (*Roseboro* Notice, Nov. 1, 2024 [ECF No. 54].) Plaintiff sought an extension of time to respond to Wheeler's motion, and the court granted him an additional 24 days to file a response. (*See* Oral Order, Dec. 2, 2024 [ECF No. 57] (directing Plaintiff to file any opposition to Wheeler's motion "no later than December 16, 2024").) On December 11, 2024, Plaintiff filed a nearly identical 80-page declaration, seemingly in response to Wheeler's motion. (*See* Decl. of L. Young, Dec. 11, 2024 [ECF No. 58].) Defendants jointly moved to strike Plaintiff's declaration as unresponsive. (*See* Defs.' Mot. to Strike [ECF No. 59].)

Plaintiff then filed a motion for "emergency injunction/extension of time to file responsive pleading." (*See* Pl.'s Mot. for Emergency Inj. & Extension [ECF No. 61].) In his motion, Plaintiff asks the court to order the Keen Mountain Correctional Center ("KMCC") to provide him with access to a law library and to expand the time for filing a response to Defendant Elizabeth Wheeler's motion for summary judgment. (*Id.* at 1–4.)

## II. DEFENDANTS' MOTION TO STRIKE

In support of their motion to strike, Defendants argue that Plaintiff's most recent declaration and its hundreds of pages of exhibits are not responsive "in any respect to the various arguments set forth in their Motions for Summary Judgment" but are rather "clutter upon the Court's docket with no clear purpose or intent." (Mem. in Supp. of Defs.' Mot. to Strike at 2 [ECF No. 60].) Defendants insist that, under Local Rule 11(c)(1), Plaintiff was obligated to file a "responsive brief" and that his filing does meet that requirement. (*Id.*) They therefore ask the court to exercise its inherent authority to manage its docket, strike the motion, and refrain from considering it. (*Id.* at 1–2.)

Defendants correctly note that district courts possess "inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin.*, 579 U.S. 40, 45 (2016) (internal quotation omitted). However, "[b]ecause the exercise of an inherent power in the interest of promoting efficiency may risk undermining other vital interests related to the fair administration of justice, a district court's inherent powers must be exercised with restraint." *Id.* at 48. And in cases, such as this one, which are filed by *pro se* prisoners, the court is guided by its obligation to liberally construe *pro se* pleadings, even inartful ones, and hold them to less stringent standards that those drafted by attorneys. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to . . . . avoid an unnecessary dismissal, to avoid inappropriately stringent

application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claims and its underlying legal basis." (citations omitted)).

Plaintiff's declaration and the accompanying exhibits, though long and disorganized, were filed within the allotted time in response to the court's directive to "submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding Defendant's evidence." (*Roseboro* Notice, Nov. 1, 2024, at 1.) The court finds that it is in the interests of justice, if not efficiency, to allow the filing to stand and be considered in response to Defendant Wheeler's motion for summary judgment.[1] Accordingly, the court will deny Defendants' motion to strike the declaration.

### III. PLAINTIFF'S MOTION FOR INJUNCTION AND EXTENSION

Plaintiff asks the court to grant a preliminary injunction ordering KMCC "to provide the Plaintiff with access to a law library." (Pl.'s Mot. for Emergency Inj. & Extension at 1.) In support of his motion, Plaintiff alleges that he was transferred from the Albemarle Charlottesville Regional Jail to KMCC on October 30, 2024, one day before Defendant Wheeler filed her motion for summary judgment. (*Id.* at 2.) He asserts that during the 52 days that he spent at KMCC before filing the instant motion, there were five separate lockdowns ranging from one to four days in length. (*Id.*) Plaintiff claims that these lockdowns prevented him from accessing a law library at KMCC, and that he has therefore "not been capable" of responding to Wheeler's motion. (*Id.* at 3.) He further contends that he lacks the ability to

---

[1] The court also notes that the declaration Plaintiff filed in response to Defendant Wheeler's motion for summary judgment, though longer, is very similar in style and contents to the declaration Plaintiff filed in response to the other Defendants' motion for summary judgment and that no party has objected to the court's consideration of Plaintiff's first declaration.

- 4 -

respond to Wheeler's motion because he "does not have the ability to review and cite case law." (*Id.*)

Federal Rule of Civil Procedure 65 permits district courts to issue temporary restraining orders and preliminary injunctions. But "[a] preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal quotation omitted). To obtain preliminary injunctive relief, Plaintiff must clearly show that: (1) he is "likely to succeed on the merits" of his claims; (2) he is "likely to suffer irreparable harm absent preliminary relief"; (3) "the balance of the equities favors relief"; and (4) "the relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). "[E]ach of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (explaining that it is "unnecessary to address all four factors when one or more had not been satisfied").

Here, even if Plaintiff could show that the remaining factors were satisfied, Plaintiff has not established that he is likely to suffer irreparable harm in the absence of injunctive relief. First, the arguments raised in Defendant Wheeler's summary judgment motion are identical to those raised in the other Defendants' motion for summary judgment that was filed months earlier, before Plaintiff's transfer to KMCC. (*See* Def. Wheeler's Mot. for Summ. J. at 1 (incorporating the arguments of the other Defendants).) Second, Plaintiff has already filed hundreds of pages of materials purportedly in response to Defendants' summary judgment arguments, and he has not demonstrated, beyond his conclusory assertions, that the lack of

access to a law library in November and December 2024 meaningfully hindered his ability to respond to Defendants' arguments.

To warrant a preliminary injunction, Plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (internal quotation omitted); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Any speculation that Plaintiff *could* uncover something relevant to Defendants' arguments if given more time to access legal materials is not enough to show the actual and imminent harm necessary to merit injunctive relief. *Cf. Collins v. Durant*, No. CV 2:23-05273-RMG-MGB, 2025 WL 593758, at *4 (D.S.C. Jan. 30, 2025), *report and recommendation adopted*, No. 2:23-05273-RMG, 2025 WL 589978 (D.S.C. Feb. 24, 2025) (denying motion for temporary restraining order concerning law-library access where the plaintiff "failed to show how this alleged denial of access has caused him actual injury" as "the record show[ed] that Plaintiff has submitted numerous filings in this action with legal arguments"). The court will therefore deny Plaintiff's request for an injunction.

The court will also deny Plaintiff's request for yet another extension of time to respond to Defendant Wheeler's summary judgment motion. The court already granted Plaintiff one extension and allowed him 45 days to respond to Wheeler's motion. Plaintiff has not shown good cause for another extension. Notably, Plaintiff already filed a document that this court construes as his response in opposition to that motion. (*See* Young Decl., Dec. 11, 2024.) He

also waited until three weeks after his response deadline expired to request another extension. (*See* Oral Order, Dec. 2, 2024 (directing Plaintiff to respond "no later than December 16, 2024"); Pl.'s Mot. for Emergency Inj. & Extension (filed January 7, 2024).)

Moreover, Defendant Wheeler's motion for summary judgment does not raise any new arguments but merely incorporates the arguments set forth in the motion for summary judgment filed by the other Defendants. (*See* Def. Wheeler's Mot. for Summ. J. at 1.) Plaintiff has therefore been on notice of these arguments since the other Defendants' motion was filed in May 2024. (*See* Defs.' Mot. for Summ. J. (filed May 21, 2024).) Further, Plaintiff has already provided 154 pages of materials in response to Defendants' motion for summary judgment (*see* Young Decl., May 28, 2024) and 342 pages of materials in response to Defendant Wheeler's motion for summary judgment (*see* Young Decl., Dec. 11, 2024). He has had ample opportunity to present evidence and argument in opposition to Defendants' summary judgment arguments, and nothing in his motion establishes that he is entitled to additional time and pages in response to those arguments. The court will therefore deny Plaintiff's motion for injunction and extension in its entirety.

## IV. CONCLUSION

For the reasons stated above, the court will deny both Defendants' motion to strike Plaintiff's December 11, 2024 declaration (ECF No. 59) and Plaintiff's motion for emergency injunction and an extension of time to file a responsive pleading (ECF No. 61).

The Clerk is directed to send copies of this Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 31st day of March, 2025.

>	*/s/ Thomas T. Cullen*
>	HON. THOMAS T. CULLEN
>	UNITED STATES DISTRICT JUDGE